NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JULIE E. PEARSON,**
*Petitioner,*

v.

**DEPARTMENT OF VETERANS AFFAIRS,**
*Respondent.*

---

2011-3104

---

Petition for review of the Merit Systems Protection Board in case no. CH1221090692-W-1.

---

Decided: December 13, 2011

---

JULIE E. PEARSON, of Monroe, Louisiana, pro se.

CHRISTOPHER A. BOWEN, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and TODD M. HUGHES, Deputy Director.

---

Before BRYSON, CLEVENGER, and LINN, *Circuit Judges*.

PER CURIAM.

Julie E. Pearson ("Pearson") appeals from a final decision of the Merit Systems Protection Board ("Board") denying her request to correct her termination under the Whistleblower Protection Act, 5 U.S.C. § 1212 ("the Act"). *Pearson v. Dep't of Veterans Affairs*, No. CH-1221-09-0692 (Apr. 27, 2010) ("*Initial Decision*"), *reh'g denied*, (Feb. 2, 2011) ("*Final Order*"). For the reasons discussed below, this court affirms.

## BACKGROUND

On September 28, 2008, the Department of Veterans Affairs ("VA" or "agency") hired Pearson as a probationary appointee at the Veterans Affairs Illiana Health Care System in Danville, Illinois ("VAIHCS"). Pearson was hired as an Architect and her responsibilities included facility planning and assisting with the layout and design of office spaces. While Pearson was employed at VAIHCS, she reported to Troy Field ("Field"), Chief of Planning Design. Field reported to Dan Murrell ("Murrell"), Chief of Engineering Services. Murrell reported to Diana Carranza ("Carranza"), Associate Director. Carranza reported to Michael Hamilton ("Hamilton"), the Director.

Pearson admits that she did not get along with Murrell, her supervisor's superior, and others in the office were aware of the "personality conflict" between Pearson and Murrell. One month after starting work for VAIHCS, on October 28, Pearson began looking for a new job. On November 7, Pearson admits that she decided to resign but that she "would try to stay for [a] meeting with [the] Director." Later that day, Pearson sent a long email to Murrell, Carranza, and others on a "furnishing committee" in which she berated Murrell and Carranza. Eight minutes after sending the email, Pearson went to Field and admitted that the email was "abrasive, volatile, possibly inappropriate" and that "[she] expect[ed] to be

fired over it." On November 10, 2008, the VA terminated Pearson, effective November 22, because of her "disrespectful and unprofessional interactions with management."

On December 27, 2008, Pearson filed a complaint with the Office of Special Counsel asserting that her discharge was retaliatory. Pearson alleged, as the basis for her claim under the Act, that VAIHCS staff retaliated against her for disclosures protected by the Act. In addition to the cast of characters mentioned above, Pearson's allegations also involve Ed DeMoss ("DeMoss"), an electrician, and Janet Thompson ("Thompson"), an interior designer. On March 30, 2009, the Office of Special Counsel terminated its inquiry because it found insufficient evidence to support her allegations against the agency. Pearson filed a timely individual right of action appeal to the Board on June 6, 2009.

The Board distilled four possible protected disclosures made by Pearson: (1) an October 16, 2008, disclosure to Field of improper procurement policies and threats against Pearson by Murrell; (2) a November 5, 2008, disclosure to Field regarding Murrell's alleged threat to Pearson's employment in response to her request to meet with Director Hamilton; (3) a November 7, 2008, disclosure to Field of harassment by DeMoss for Murrell's benefit; and (4) a November 7, 2008, disclosure to Field regarding procurement violations and threats by Carranza and Murrell. *Initial Decision* at 6-7.

The Board held a three day hearing and ultimately denied her request for correction under the Act. *Initial Decision* at 2. In its decision, the Board analyzed each alleged disclosure and concluded that none of them were protected disclosures under 5 U.S.C. § 2302(b)(8). *Initial Decision* at 5-23. Specifically, the Board concluded that Pearson's disclosures were vague and conclusory allegations of wrongdoing, disclosures made in the normal performance of Pearson's duties, or simply frustrations

expressed about Murrell's management decisions, and that none of these were protected disclosures under the Act. *See id.* Additionally, the Board concluded that even if Pearson had established that a protected disclosure was a contributing factor in her termination, the VA demonstrated by clear and convincing evidence that it would have terminated Pearson's probationary employment even in the absence of Pearson's disclosures. *Initial Decision* at 23-27. The full Board, on rehearing, denied Pearson's claim. *Final Order* at 8. Pearson appeals from the Board's final decision and we have jurisdiction under 28 U.S.C. § 1295(a)(9).

## DISCUSSION

This court must affirm the Board's decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c).

Pearson challenges the Board's decision on three grounds: (1) the Board erred in finding that Pearson failed to prove that she made any protected disclosures, (2) the Board erred in finding that she would have been terminated anyway, and (3) the Board erroneously excluded disclosures, erroneously dismissed disclosures, and engaged in ex parte communications with the agency. Each challenge is addressed in turn.

### 1. Protected Disclosure

"The purpose of the Whistleblower Protection Act is to encourage disclosure of wrongdoing to persons who may be in a position to act to remedy it . . . ." *Horton v. Dep't of the Navy*, 66 F.3d 279, 282 (Fed. Cir. 1995). "Whistleblowers are encouraged to make such disclosures by providing protection against retaliation for making the disclosures." *Carr v. Soc. Sec. Admin.*, 185 F.3d 1318, 1326 (Fed. Cir. 1999). "The [Act] was enacted to protect

employees who report genuine infractions of law, not to encourage employees to report arguably minor and inadvertent miscues occurring in the conscientious carrying out of one's assigned duties." *Frederick v. Dep't of Justice*, 73 F.3d 349, 353 (Fed. Cir. 1996).

In determining whether reprisal for whistleblowing activities occurred and whether corrective action is warranted, the Board must determine whether the appellant has shown by a preponderance of the evidence that a protected disclosure was made and that the disclosure was a contributing factor in the agency's personnel action. 5 U.S.C. § 1221(e); *Kewley v. Dep't of Health and Human Servs.*, 153 F.3d 1357, 1361 (Fed. Cir. 1998).

In this case, the Board analyzed each alleged disclosure and concluded that Pearson failed to establish by preponderant evidence that she made any protected disclosures under 5 U.S.C. § 2302(b)(8). *Initial Decision* at 22. On appeal, Pearson alleges that the agency failed to prove that the Board did not err when it concluded that none of Pearson's disclosures were protected. *See, e.g.*, Pet'r's Reply Br. 1-2. Additionally, for each alleged disclosure, Pearson challenges the conclusion of the Board by reasserting that her disclosure evidenced a violation of law, alleging that the Board "failed to analyze substantial evidence," and asserting that the Board erred by adopting the agency's arguments. The government responds that Pearson fails to explain how any of her disclosures amount to a protected disclosure. Further, the government responds that the Board carefully considered each alleged disclosure, resolved conflicting testimony by making credibility determinations, and that substantial evidence supports the Board's findings of fact.

This court agrees with the government. At the outset, Pearson misunderstands her burden on appeal. The burden of establishing a reversible error in a Board decision rests upon the petitioner. *Harris v. Dep't of Veteran Affairs*, 142 F.3d 1463, 1467 (Fed. Cir. 1998). If substan-

tial evidence supports the Board's factual findings, this court must affirm. 5 U.S.C. § 7703(c); *Hayes v. Dep't of the Navy*, 727 F.2d 1535, 1537 (Fed. Cir. 1984). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). This is a highly deferential standard of review: "where two different, inconsistent conclusions may reasonably be drawn from the evidence in record, an agency's decision to favor one conclusion over the other is the epitome of a decision that must be sustained upon review for substantial evidence." *In re Jolley*, 308 F.3d 1317, 1329 (Fed. Cir. 2002). This court has independently reviewed the Board's fact findings concerning each alleged protected disclosure and has concluded, for the reasons explained below, that substantial evidence supports the findings of the Board.

The Board concluded that Pearson's disclosure on October 16, 2008, was not protected. In this disclosure, Pearson relayed to Field, her supervisor, statements that Carranza made to Murrell concerning Murrell's poor performance. Pearson fails to explain how she can claim to have made a protected disclosure of something that Murrell's superior, Carranza, already knew and acted upon. Substantial evidence supports the Board's conclusion, based upon the testimony of Field and Carranza, that this disclosure did not impart any information of wrongdoing and was not a protected disclosure under the Act.

The Board concluded that Pearson's disclosures on November 4 and 5 to Field that she had emailed Hamilton and Carranza requesting a meeting to discuss Murrell's "organizational and managerial experience and skills" raised only non-specific allegations and primarily focused upon Pearson's policy disagreements with Murrell. *See LaChance v. White*, 174 F.3d 1378, 1381 (Fed. Cir. 1999) ("The [Act] is not a weapon in arguments over policy or a

shield for insubordinate conduct."). Additionally, Pearson claimed that Murrell abused his authority because Pearson heard people in the office saying that Murrell had become angry about someone, but Pearson was not sure about whom. Pearson's allegations lacked specificity and, although she argues on appeal that "one could infer abuse(s) of authority," the burden rests on Pearson to demonstrate that the Board's interpretation is unreasonable. Pearson simply failed to establish by preponderant evidence that the she made a protected disclosure. Substantial evidence supports the Board's conclusion, based upon the emails of record and the testimony of another employee, that Pearson lacked a reasonable belief that she made a protected disclosure and that Murrell's angry outburst was not directed at Pearson.

The Board concluded that Pearson's disclosure on November 7 to Field of harassment by DeMoss for the benefit of Murrell also was not protected. The alleged threat was when, after DeMoss overheard Pearson complaining about Murrell to Thompson, DeMoss later asked Pearson "what if I break your finger?" The Board credited the testimony of DeMoss where he said that he had not threatened Pearson, if anything he was joking, and that he did not speak to her on Murrell's behalf. Credibility determinations made by the Board are "virtually unreviewable" on appeal. *King v. Dep't of Health & Human Servs.*, 133 F.3d 1450, 1453 (Fed. Cir. 1998). Additionally, the Board concluded that Pearson's disclosures to Thompson, of which DeMoss purportedly overheard, were "vague and conclusory" and failed to identify what procurement orders or procurement policies were violated by Murrell. *Initial Decision* at 21. Substantial evidence, including DeMoss's testimony, supports the Board's conclusion that Pearson failed to allege facts to show that DeMoss's statements evidenced an abuse of authority by Murrell or were made on behalf of Murrell.

The Board concluded that Pearson's disclosure on November 7 to Field regarding the discussion she had with Thompson concerning procurement violations and threats by Murrell or Carranza (discussed *supra*) was also not a protected disclosure. The Board credited Carranza's testimony that she was not aware of Pearson's meeting with Thompson or DeMoss's comments. Additionally, the Board credited Field's testimony that there was nothing inappropriate in Carranza and Murrell ordering furniture from Widmer Interiors because Widmer Interiors sold products listed on the GSA approved schedule. The Board's conclusion as to this alleged disclosure is supported by substantial evidence, including the testimony of Field and Carranza.

Considering all the evidence presented and for the reasons stated above, the record contains substantial evidence to support the Board's finding that Pearson lacked a reasonable belief that she had made any protected disclosures under the Act and the Board's conclusion to that effect is affirmed.

## 2. Inevitable Adverse Action

Although the Board concluded that Pearson did not make a protected disclosure, it also went on to conclude that even if Pearson made a protected disclosure and it was a contributing factor, "the agency demonstrated by clear and convincing evidence that it would have terminated [Pearson]'s probationary employment of five weeks absent a protected disclosure." *Initial Decision* at 23. If the appellant establishes that a protected disclosure was a contributing factor, the burden shifts to the agency to establish by clear and convincing evidence that it would have taken the action even in the absence of the protected disclosure. 5 U.S.C. § 1221(e)(2); *Kewley*, 153 F.3d at 1363.

Pearson argues that "[t]he [Board] failed to analyze substantial evidence" and that the agency failed to carry

its burden of clear and convincing evidence that it would have terminated Pearson even in the absence of any disclosures. Pet'r's Br. 55. The government responds that it proved by clear and convincing evidence that even if Pearson had made protected disclosures, "the VA had shown that it would have fired her[] because of [Pearson's] email to the furnishing committee." Resp. Br. 36. Because Pearson did not make any protected disclosures under the Act, *see supra*, this court need not review the Board's determination that the agency would have terminated Pearson in the absence of protected disclosures. Nonetheless, because substantial evidence supports the Board's determination that the agency proved it would have terminated her in the absence of protected disclosures, this court also affirms on that alternative ground, for the reasons explained below.

Field, Pearson's supervisor, testified that Pearson brought to his attention the abusive email she had sent to the furnishings committee eight minutes after she had sent it. *Initial Decision* at 23. In coming to Field, Pearson identified this email as one that she could be discharged for sending. *Id.* at 24. Field also testified that he had previously discussed with Pearson the proper chain of command, which she did not follow. *Id.* The record reflects that on November 7, 2008, Field issued Pearson a written statement counseling against insubordination and he provided a copy of this statement and a memorandum of his conversation with Pearson to Karen Cox ("Cox"), Chief of Human Resources. *Id.*

Cox testified that she was contacted by management regarding discipline against Pearson. *Id.* at 25. Cox then explained that it was important to monitor the performance and conduct of probationary employees to see if they are a good fit for the agency before they receive a permanent appointment. *Id.* Cox further testified that she reviewed emails sent to Carranza and the email sent to the furnishing committee to determine if it was sufficient

for probationary termination. *Id.* Cox made the determination to terminate Pearson on November 10, 2008. *Id.*

After hearing the testimony and considering the record evidence, the Board concluded that Pearson sent inappropriate communications to managers and repeatedly refused to follow the chain of command. *Id.* at 25. Additionally, the Board also relied on testimony from one of Pearson's coworkers that Pearson's discharge was not retaliatory but was instead because she sent inappropriate emails and failed to observe the chain of command. *Id.* at 26. The Board also concluded that "[t]he record reflects that [Murrell]'s and [Pearson]'s disagreement as to her job duties and responsibilities on October 16, 2008, led to a serious personality conflict that was not resolved during the appellant's extremely short tenure at the agency." *Initial Decision* at 21-22. These conclusions are supported by substantial evidence and Pearson fails to prove otherwise. This court therefore affirms the Board's conclusion that the VA would have terminated Pearson in the absence of any protected disclosures.

### 3. Additional Issues

This court has considered the additional issues raised by Pearson on appeal and has concluded that none of them has any merit. Pearson complains that the Board excluded additional disclosures that Pearson alleges were protected. The Board properly excluded these additional disclosures because they were omitted from the form she filed with the Office of Special Counsel which stated, in all caps, "must be completed for all disclosures reported in this complaint." Pearson's complaint to the Office of Special Counsel is what set the boundaries for the Board's inquiry. Pearson also alleges that the Board improperly dismissed disclosures five and six, which were included on that form. The Board properly dismissed disclosure five as simply providing background information. *See Initial Decision* at 6 n.3. The Board properly dismissed disclosure six because it related to Pearson's claim of sex dis-

crimination and harassment by Murrell, which Pearson is pursuing before the EEOC and district court and not the Board. Finally, Pearson alleges that the agency engaged in ex parte communications with the Board. However, as the Board correctly found on rehearing and Pearson fails to rebut, Pearson's allegations of ex parte communications relate not to the merits but only to matters of scheduling. *See Final Order* at 7.

For the foregoing reasons, the decision of the Board is affirmed.

## AFFIRMED

### COSTS

Each party shall bear its own costs.